UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **MICHAEL D. DONAHUE,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| VS. § | CIVIL ACTION NO. H-06-0609 |
| § | |
| **GAYLORD CHEMICAL** § | |
| **CORPORATION,** § | |
| § | |
| **Defendant.** § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's motion to transfer this case, pursuant to 28 U.S.C. § 1404(a), to the Eastern District of Louisiana, where Defendant's corporate headquarters are located. After considering the parties' filings and oral arguments and the applicable law, the Court finds that Defendant's motion, Docket No. 9, should be and hereby is **DENIED**.

"Section 1404(a) reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice." *Barrack*, 376 U.S. at 616. Its purpose is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Id.* (internal quotation marks omitted). A defendant seeking transfer under § 1404(a) bears the burden of proving that the interests of convenience and justice will be best served by the transfer. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966).

1

The Fifth Circuit Court of Appeals has applied the balancing test formulated in connection with the common-law doctrine of *forum non conveniens* to transfers requested under § 1404(a):

> In *Gulf Oil Corp. v. Gilbert*, 1947, 330 U.S. 501, 67 S. Ct. 839, 91 L. Ed. 1055, the Supreme Court elucidated upon the factors justifying a Section 1404(a) change of venue, but it was careful to point out that[, "u]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum shall rarely be disturbed." 330 U.S. at 508.

*Marbury-Patillo Constr. Co. v. Bayside Warehouse Co.*, 490 F.2d 155, 158 (5th Cir. 1974). While the *Marbury-Patillo* holding is technically incorrect, as was noted by the Supreme Court in *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 258 n.26 (1981) (discussing another circuit court's mistaken reliance on *Marbury-Patillo* and stating that "dismissals on grounds of *forum non conveniens* and § 1404(a) transfers are not directly comparable"), the principal difference between the *forum non conveniens* doctrine and § 1404(a), is simply that a district court may grant a transfer under § 1404(a) upon a lesser showing of inconvenience than is required to justify a dismissal on the ground of *forum non conveniens*. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955). Accordingly, the factors to be considered in deciding a § 1404(a) motion are identical to those that are relevant to the resolution of a *forum non conveniens* motion to dismiss. *Id.* ("This is not to say that the relevant factors have changed or that the plaintiff's choice of forum is not to be considered, but only that the discretion to be exercised is broader.").

In applying *Gilbert*, the Court must consider both "private" and "public" factors relevant to a motion for transfer. Among the private factors are

> the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be

>appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Gilbert*, 330 U.S. at 508.  The public factors include the avoidance of a high concentration of cases in a few courts; a reluctance to impose the burden of jury duty upon residents of a place not connected to the litigation; a corresponding desire to try a case within the vicinity, and therefore the personal purview, of those who are most affected by it; and the familiarity of the trial court with the applicable law.  *Id.* at 508-09.

An application of the private factors to the instant case demonstrates that transfer is not appropriate.  While Defendant argues that most evidence and witnesses are likely to be located in Louisiana, where Defendant is headquartered, Defendant has failed to offer a list of probable witnesses or particular documents that are remote from Texas and difficult or expensive to transport.  Similarly, the location of Defendant's physical premises themselves is unrelated to this case, which arises from Defendant's alleged age discrimination.

The public factors, too, militate against transfer.  There is no indication that the Texas courts are any more congested than those of Louisiana, and, indeed, the Court surmises that the Louisiana courts are quite busy in the wake of recent events.  Moreover, Plaintiff worked for Defendant in Houston, Texas and marketed Defendant's products to Houston residents, and this case is, therefore, more than tangentially related to Texas.  Finally, and most compellingly, Plaintiff is currently battling leukemia, is frequently hospitalized, and requires extensive care when at home.  Under these circumstances, the Court finds that the interests of justice and efficiency favor trial in Texas.  Accordingly, Defendant's motion to transfer is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 15th day of May, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**